UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON HAZELL ENGLISH,<br><br>Petitioner,<br><br>v.<br><br>JAMES A. YATES, et al.,<br><br>Respondents. | NO. EDCV 12-278-RGK (AGR)<br><br>ORDER TO SHOW CAUSE |

On February 23, 2012, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before **March 29, 2012**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On November 22, 2004, Petitioner was convicted of five counts of attempted murder and one count of assault with a firearm, and found true various enhancements. (Petition at 2.) On January 7, 2005, he was sentenced to 70 years to life, plus two life terms, plus 95 years to life. (*Id.*)

On July 6, 2006, the California Court of Appeal affirmed the judgment. *People v. English*, 2006 WL 1851504 (2006). On October 25, 2006, the California Supreme Court denied review without prejudice to any relief to which Petitioner might be entitled after the United States Supreme Court determined in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), the effect of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2004). *See* California Appellate Courts Online Docket in Case No. S145822.

Petitioner did not file any habeas petitions in California. (Petition at 3.)

On February 14, 2012, Petitioner constructively filed a Petition for Writ for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this court. (Petition, back of envelope.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Supreme Court denied review on direct appeal on October 25, 2006. Petitioner's conviction became final ninety days later on January 23, 2007. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired on January 23, 2008.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner is not entitled to statutory tolling because he filed no habeas petitions in California. (Petition at 3.)

Absent equitable tolling, the petition is time-barred.

#### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary

circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

In Ground Six, Petitioner alleges his counsel was ineffective for the following reasons:[1]

(1) He failed to file a *Pitchess* motion because he told Petitioner in December 2003 that "police actions [are] always right." (Petition, Attached Ground # 6  at 1.)

(2) He failed "to initiate a complete investigation." (*Id.* at 2.)

(3) He failed to file various pretrial motions. (*Id.*)

(4) He failed to make objections during trial. (*Id.* at 3.)

(5) He failed to request certain jury instructions. (*Id.*)

(6) He failed to object to Petitioner's sentence. (*Id.* at 4.)

---

[1] Petitioner acknowledges Ground Six is unexhausted. (Petition at 6.)

4

Because Petitioner was aware of the factual predicate of his ineffective assistance claim at trial (or earlier), the date of discovery of Ground Six does not assist him as all of his attorney's alleged misconduct occurred before the date the statute of limitations started to run based on the finality of Petitioner's conviction.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***March 29, 2012***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: February 29, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge

5